### PEET, SIMMS & Co. *v.* G. S. WHITMORE.—McKLEROY & BRADFORD, Garnishees.

The liability of a garnishee in an attachment suit cannot extend beyond the amount of funds in his hands belonging to the defendant.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
*T. J. & A. G. Semmes,* for plaintiffs and appellants. *Hunt & Denègre,* and *Clarke & Bayne,* for appellees.

DUFFEL, J. The plaintiffs seek to recover from the Sheriff of the parish of Orleans, the sum of $3,068 94, being the amount received by him from the garnishees, as representing the entire property in their hands belonging to the original defendant, G. S. Whitmore.

It appears that C. Yale Jr. & Co., first attaching creditors, took a rule on the garnishees, on Peet, Simms & Co., and others, to show cause why they should not be paid by preference, out of the property of the defendant attached in the hands of the garnishees. The rule was made absolute, and the garnishees were ordered "to pay to C. Yale Jr. & Co., by privilege and preference over the other attaching creditors, the amount of the judgment rendered in this case."

The garnishees appealed, and urged in this court that, since the return of the writ of attachment, and pending the proceedings on the rule, they had paid over to the Sheriff all the funds of the defendant in their hands. But this court, considering that the payment to the Sheriff, after the return of the writ, and without an order of court, or consent of the parties, could not operate as a discharge to the garnishee, who, notwithstanding, remained, as before, responsible for the amount voluntarily confided by them to their agent, the Sheriff, affirmed the judgment. (See reported case, 15 An. 63). The judgment was accordingly satisfied out of the attached property, then in the hands of the Sheriff.

Peet, Simms & Co. now contend that the judgment of C. Yale Jr. & Co. on the rule, was personal against the garnishees, and should, therefore, have been satisfied out of their personal property, and that consequently the funds attached must be exclusively applied to the payment of their claim. The District Judge thought otherwise, and ordered the payment of the balance of the funds remaining after deducting the amount paid to C. Yale Jr. & Co., as above stated.

It is not pretended that the garnishees are responsible to G. S. Whitmore in an amount exceeding $3,068 94; nor is it contended that they have, by their omission, or default, rendered themselves absolutely liable for the debts of Whitmore; and we are therefore at a loss to understand how the plaintiffs can urge their demand in law, still less in equity. The judgment of C. Yale Jr. & Co., on their rule, absolutely ordered the garnishees to pay their claim *by privilege and preference over the attaching creditors,* and they were so paid; and the present plaintiffs, who were parties to those proceedings, are bound by them.

Judgment affirmed.